UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------
IN RE:                                )
QUALITY SALES, LLC,                   )        CHAPTER 7
                                      )
        DEBTOR.                       )        CASE NO. 12-20008 (ASD)
------------------------------------------------------
QUALITY SALES, LLC,                   )
                                      )
        MOVANT,                       )
vs.                                   )
                                      )
GITLAN CAMPISE, LLC, et al.,          )
                                      )        Re: ECF NOS. 143 & 147
        RESPONDENTS.                  )
------------------------------------------------------
```

**MEMORANDUM AND ORDER
DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY,
GRANTING OBJECTION IN PART AS MOTION, AND OVERRULING OBJECTION**

**I. BACKGROUND**

On January 9, 2013, the Debtor, Quality Sales, LLC (hereinafter, the "Debtor") by

and through Attorney Jeffrey J. Tinley (hereinafter, "Tinley"), filed a *Debtor's Motion for*

*Relief From Stay* (hereinafter, the "Motion"), ECF No. 143, which by its specific language

requests relief from the automatic stay of  §362(a) pursuant to §362(d)(1) to permit "*the*

*Debtor* to continue to prosecute a lawsuit" (emphasis added) in the Connecticut Superior

Court known as *Quality Sales, LLC, et al. v. Gitlin Campise, LLC, et al*, HHD-CV-12-

6028126-S (hereinafter, the "State Court Action").  In the State Court Action, the Debtor,

as the original plaintiff, seeks a recovery from its former accountants and accounting firm.

On January 10, 2013, Gitlin, Campise, LLC, Joseph A. Campise and Salvatore

Giuliano, defendants in the State Court Action (hereinafter, the "Defendants") filed an

*Objection to Debtor's Motion for Relief From Stay* (hereinafter, the "Objection"), ECF No.

147,[1] in which the Defendants "object" to the Motion, *see* Objection, p. 1, but request that

> upon the Court's modifying the automatic stay to permit Debtor to continue to prosecute its claims in the state court action, that the court also authorize and to permit defendants in the state court action to fully defend the claims made in the state court action, including without limitation, the initiation of and participation in the conduct of discovery, and the filing of defenses and/or counterclaims.

Objection, ¶5.

The Motion and the Objection came before the Court for a hearing on January 31, 2013 (hereinafter, the "Hearing") at which counsel for the parties and the Trustee appeared and stipulated to the entry of the proposed order attached to the Objection, *see, infra,* p. 4, fn 3, which for the reasons stated on the Hearing record the Court declined to approve and so order.

For the reasons stated hereinafter, the Motion shall be denied, the Objection treated in part as a Motion of Defendants for Relief from Stay shall be granted, and the balance of the Objection shall be overruled.

## II. DISCUSSION

*A. The Motion*

At the outset, the Court notes that it approved the *Trustee's Application to Employ Tinley, Nastri, Renehan & Dost, LLP as Special Counsel,* ECF No.109, filed by the duly appointed Chapter 7 trustee for the above-captioned bankruptcy case, Bonnie C. Mangan (heretofore and hereinafter, the "Trustee"), seeking authorization to employ Tinley, Nastri, Renehan & Dost, LLP as counsel for the Trustee of this bankruptcy estate, and on

---

[1]The Objection is confusingly captioned, in part, *as Quality Sales, LLC Movant v.  Quality Sales, LLC Debtor.*

2

September 19, 2012, entered an Order with that effect. ECF No. 112. The Order, *inter alia*, authorized Tinley to assist the Trustee as her counsel in prosecuting the State Court Action on behalf of the bankruptcy estate. In other words, with respect to the State Court Action, since September 19, 2012, Tinley has been counsel for the Trustee acting on behalf of the bankruptcy estate, not the Debtor. And, at the present time, only the Trustee (not the Debtor) has standing to pursue the State Court Action which remains property of the bankruptcy estate unless/until the Trustee abandons it. In other words, the Debtor, on behalf of whom Tinley has filed the Motion, has no standing, and Tinley, whose allegiance is solely to the Trustee, cannot act in the State Court Action except as counsel for the Trustee. For these reasons alone, the Motion should be denied.

Moreover, contrary to both Tinley's and the Defendant's apparent belief, the State Court Action originally initiated by the Debtor as Plaintiff, and now being prosecuted on behalf of the bankruptcy estate by the Trustee, is not an action "against the Debtor" and, therefore, is not stayed by §362(a). *See, e.g., Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994).

Because of the lack of standing to prosecute this Motion on behalf of the Debtor, because Tinley is now counsel for the Trustee on behalf of the estate, and because the automatic stay of §362(a) does not operate to stay the prosecution of the State Court Action, the Motion shall be denied.

*B. The Objection*

As already noted, the Objection, ¶3, also incorrectly assumes the prosecution of the State Court Action has been stayed by operation of §362(a) since the bankruptcy petition date of January 4, 2012. The Objection further asserts that the Defendants therefore have

had "no opportunity . . . to file defenses, conduct discovery or assess or file a counter complaint in the state court action". Objection, ¶3.  However, as defenses, discovery or "assessments" (or, as noted by the Court at the Hearing, filing of an answer) in the State Court Action are not "actions against the Debtor" and are not stayed by §362(a), there has been no deprivation or lack of opportunity to pursue those actions. *See Koolik v. Markowitz*, *id.*  Nevertheless, since a counterclaim and/or setoff[2] are in the form of an action "against the Debtor", prosecution of a counterclaims and setoffs is stayed by the automatic stay of §362(a).  *See Koolik v. Markowitz*, *id.*  Defendants' assertion of a setoff is also stayed under §362(a)(7).

Against this background the Court notes that while the Objection is captioned "Objection to Debtor's Motion . . .", it (i) seeks by way of relief, *inter alia*, an order permitting the Defendants to fully defend the claims made in the State Court Action, including without limitation, the initiation of and participation in the conduct of discovery, and the filing of defenses and/or *counterclaims*, and (ii) has attached thereto a proposed Order captioned "Order Granting Relief from Stay" seeking, *inter alia*, relief to file counterclaims in the State Court Action.[3]  Accordingly, the Court treats the Objection, in part, as a Motion of Defendants for Relief From Stay.

---

[2]At the Hearing, counsel for the Defendants, with consent of the Trustee and her counsel, Tinley, amended the Objection to request relief from the automatic stay to prosecute a setoff in the State Court Action.

[3]The specific relief requested in the proposed order is as follows: "that the automatic stay of Section 362(a) of the Bankruptcy Court is modified as to Debtor and as to Gitlin, Campise, LLC, Joseph A. Campise and Salvatore Giuliano, and is effective upon entry of this order, so that Debtor, may proceed to prosecute the state court action titled Quality Sales, LLC et al. v. Gitlin Campise, LLC et al HHD CV 12 6028126 S presently pending in the Connecticut Superior Court (the "state court action") and so that Gitlin, Campise, LLC, Joseph A. Campise and Salvatore Giuliano may fully defend the claims made in the state court action, including without limitation, the initiation of and participation in the conduct of discovery, and the filing of defenses and/or counterclaims".

## III. ORDER

In accordance with the above,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**, and

**IT IS FURTHER ORDERED** after notice and a hearing upon the Objection, *see* Bankruptcy Code Section 102(1), and to the extent the Objection seeks relief from the automatic stay of §362(a) to file and prosecute counterclaims (and setoffs per the Hearing record) in the State Court Action, it is **GRANTED –** the automatic stay of §362(a) is hereby modified to permit the Defendants to file and prosecute counterclaims and setoffs against the Debtor in the State Court Action in the Connecticut Superior Court known as Quality Sales, *LLC et al. v. Gitlin Campise, LLC, et al*, HHD-CV-12-6028126-S, with enforcement of counterclaims and setoffs, if any, subject to further orders of this Court, and

**IT IS FURTHER ORDERED** that in all other respects the Objection is **OVERRULED**.

Dated: January 31, 2013                                      BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge